## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 15-cv-80999-MIDDLEBROOKS

VIBE MICRO, INC., a Nevada Corporation,
derivatively on behalf of 8 SPEED 8, INC.,
a foreign corporation and EDWARD MANDEL,
an individual,

        Plaintiffs,

v.

IGOR SHABANETS, an individual,
SIG CAPITAL, INC., a Florida corporation,
RAIN KIOSK, INC., a foreign corporation,
KARLA GUARINO, an individual,
THOMAS B. PARKER, an individual, ISS
MANAGEMENT, LLC, a Nevada limited liability
Company, TBP MANAGEMENT GROUP, LLC,
A Nevada limited liability company, PAYTELLER,
LLC, a Florida limited liability company, JEFF
FOSTER, an individual, YVES YON, an
Individual, SNELL & WILMER, LLP, a foreign
Limited liability partnership, CARDPLATFORMS, LLC
A Florida limited liability company, PAYTELLER
COMPLIANCE, LLC, a foreign limited liability company
d/b/a JANEFOUR20; KIOSK CONSULTING, LLC, a
foreign limited liability company, BIG CAPITAL, LLC, a
foreign limited liability company, MICHAEL PARK, an
individual, MICHAEL G. PARK, P.A., a Florida corporation
and D2P VENTURES, LLC, a Florida limited
liability company,

        Defendants.

_____/

### ORDER GRANTING MOTIONS TO DISMISS

       THIS CAUSE comes before the Court upon multiple Defendants' Motions to Dismiss. For

reasons that follow, the Motions are granted.

       On December 4, 2015, I dismissed Plaintiffs' Amended Complaint, explaining to Plaintiffs

that:

> The Amended Complaint is a mostly incoherent document that violates Rule 8's requirement for "a short and plain statement of the claim." Fed. R. Civ. P. (8). The allegations are duplicative, the Plaintiffs' labels and numbering are inconsistent,[1] and most of its contentions are wholly conclusory. Many of its paragraphs span multiple pages. *See, e.g.*, (DE 38 at ¶ 18). Allegations are oftentimes not connected to a particular Defendant or set of Defendants, making it impossible to understand who did what.[2] For this reason alone, the Motions to Dismiss the Amended Complaint are granted.[]

(DE 15 at 8). I went on to explain the various other deficiencies with Plaintiffs' Amended Complaint and permitted Plaintiffs to file a Second Amended Complaint. (*Id.* at 15).

Plaintiffs filed a Second Amended Complaint, (2d Am. Compl. DE 98), and Defendants moved to dismiss (DE 109 at 6; DE 110 at 3; DE 111 at 4; DE 112 at 4; DE 122 at 5). Plaintiffs have again failed to comply with the basic requirements of Rule 8 and the Second Amended Complaint is, therefore, dismissed with prejudice.[3]

In the Second Amended, Plaintiffs' allegations have expanded by approximately 15 pages and 100 paragraphs. Yet the allegations remain duplicative. *See, e.g.*, (2d Am. Compl. at ¶¶ 3, 4, 35(a), 35(c), 35(e), 38, 85, 101, 104, 173(d), 176, 185, 190, 196, 210) (referencing the filing of litigation in bad faith); (*id.* at ¶¶ 3, 4, 9, 107, 133, 173(a), 173(b), 173(d), 185, 196) (alleging how the various actions were motivated to "Get Ed out of the picture"). Moreover, the Second Amended Complaint continues to contain labeling and numerical inconsistencies. *See, e.g.*, (*id.* at ¶ 8)

---

[1] For instance, the Amended Complaint begins numbering predicate acts relevant to its RICO allegations in the headings of its paragraphs (*id.* at ¶¶ 26-27), but then abandons the count and begins repeatedly referring to "a number of predicate acts." *See, e.g.*, (*id.* at ¶ 31).

[2] For instance, the Amended Complaint regularly refers to the "8 Speed 8 Defendants" or "RICO Defendants" without defining the terms. *See, e.g.*, (DE 38 at ¶¶ 18, 25(b)). These terms could both plausibly be construed to mean all Defendants. But if the terms are construed as such, the Amended Complaint regularly fails to identify exactly which actions were taken by which Defendant.

[3] Although Defendants Rain Kiosk, Thomas Parker, and Kiosk Consulting did not file Motions to Dismiss, for reasons explained below, the Court dismisses the Second Amended Complaint as to those Defendants pursuant to its inherent authority under Rule 8. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Moreover, dismissal with prejudice is appropriate; the Second Amended Complaint continues to suffer from the same deficiencies identified in my prior Order Dismissing the Amended Complaint. *See Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir.), *cert. denied*, 136 S. Ct. 548 (2015), *reh'g denied*, 136 S. Ct. 1251 (2016).

(switching between numerical and alphabetical listing of exhibits and citing "Exhibit 2" where no Exhibit 2 is attached); (*id.* at ¶ 119-20) (referring to two different actions, both as the Seventh predicate act).

More importantly, the Second Amended Complaint continues to fail to provide even minimal notice to the individual Defendants as to what conduct they are alleged to have participated in. Plaintiffs continue to reference the "8 Speed 8 Defendants," but fail to define which Defendants are included in that term. *See* (*id.* at ¶¶ 201(a), 214).

Plaintiffs generally allege that "[e]ach of the named party defendants participated in the Illegal Merger." (*Id.* at ¶ 36). As to specifics, Plaintiffs allege actions taken, collectively, by the "Payteller Defendants," comprising of nine individual Defendants. (*Id.* at 2 n.1). Yet Plaintiffs fail to demarcate which of the Payteller Defendants participated in which conduct. For example, Plaintiffs allege Foster is one of the "members and key decision makers on behalf of [Defendant] Payteller." (*Id.* at ¶ 47).[4] Plaintiffs also allege Foster is "in control of Payteller." (*Id.* at ¶ 48). Finally, Plaintiffs allege that Payteller is "owned and operated by Foster[.]" (*Id.* at ¶ 49). However, the Second Amended Complaint fails to identify what acts Foster actually participated in on behalf of Payteller, or as a member of the alleged RICO conspiracy.[5]

In short, the Second Amended Complaint is a "shot gun" pleading of the sort the Eleventh Circuit "has been roundly, repeatedly, and consistently condemning for years." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008). Material allegations, if there are any, are "buried beneath innumerable pages of rambling irrelevancies," making no distinction between the defendants engaged in the various alleged acts. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). As such, it does not comply with Rule 8(a). *See LaCroix v. Western Dist. of Kentucky*,

---

[4] Payteller is one of the individual Defendants included in the grouping of "Payteller Defendants."
[5] These vague allegations continue throughout the Second Amended Complaint. *See* (*id.* at ¶ 92) (Plaintiffs reference the "Defendant Corporation," without defining which corporation to which they are referring).

627 F. A'ppx 816, 819 (11th Cir. 2015) (affirming district court's dismissal of shotgun pleading where complaint was 189 pages long, with factual allegations that were not specifically tied to the numerous causes of action).  Accordingly, it is

       **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motions to Dismiss (DE 109; DE 110; DE 111; DE 112; DE 122)  are **GRANTED**;

2. Plaintiffs' Second Amended Complaint is **DISMISSED WITH PREJUDICE**;

3. The Clerk shall **CLOSE this Case and DENY all pending Motions as MOOT**.

       **SO ORDERED** in Chambers at West Palm Beach, Florida, this *18* day of July, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record